# EXHIBIT 1

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff, and all others similarly situated*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
10/23/2024 3:50 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
UNLIMITED JURISDICTION**

ANGELA MADATOVIAN, individually, and on behalf of others similarly situated,

        Plaintiff,

    vs.

BAYER HEALTHCARE LLC

        Defendant.

Case No. 24STCV27825

**CLASS ACTION COMPLAINT**

(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*) and
(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)

(Amount to Exceed $35,000)

**Jury Trial Demanded**

Now comes the Plaintiff, ANGELA MADATOVIAN ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, and for her class action Complaint against the Defendant, BAYER HEALTHCARE LLC, ("Defendant"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENTS

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq*., and Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq* resulting from the illegal actions of Defendant, in advertising and labeling its products as free of artificial flavors, when the products contains dl-malic acid an artificial flavor in the products. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2.     This class action is brought pursuant to California Code of Civil Procedure § 382. All causes of action in the instant complaint arise under California statutes.

3.     This court has personal jurisdiction over Defendant, because Defendant does business within the State of California and County of Los Angeles

4.     Venue is proper in this Court because Defendant does business *inter alia* in the county of Los Angeles and a significant portion of the conduct giving rise to Plaintiff's Claims happened here.

## PARTIES

5.     Plaintiff is an individual who was at all relevant times residing in Glendale, California.

6.     Defendant is a Delaware limited liability company whose principal place of business is located in Berlin, Germany.

7.     At all times relevant hereto, Defendant was engaged in the manufacturing, marketing, and sale of vitamins.

## FACTS COMMON TO ALL COUNTS

8.     Defendant manufactures, advertises, markets, sells, and distributes vitamins throughout California and the United States under brand name Flintstones.

9.     During the Class Period Defendant's Flintstones Gummies Sour products (the "Products") were advertised as free of artificial flavors when they contained synthetic dl-malic acid.

10.    Malic Acid (C4H6O5) is the common name for 1-hydroxy-1, 2-ethanedicarboxylic acid. Malic Acid has two isomers, or different arrangements of atoms in the molecule, L-Malic Acid, and D-Malic Acid. 21 C.F.R. § 184.1069. L-Malic Acid **occurs naturally** in various fruits. *Id.* (Emphasis added.) D-Malic Acid **does not occur naturally**. *Id.* (Emphasis added.) D-Malic Acid is most commonly found in a Racemic Mixture, DL-Malic Acid, which is commercially made from petroleum products.

11.    An isomer is a molecule sharing the same atomic make up as another but differing in structural arrangements. Dan Chong and Johnathan Mooney, *Chirality and Stereoisomers*, (2019).[1] Stereoisomers contain different types of isomers each with distinct characteristics that separate each other as different chemical entities with different chemical properties. *Id.* Stereoisomers differ from each other by spatial arrangement, meaning different atomic particles and molecules are situated differently in any three-dimensional direction by even one degree. *Id.* Enantiomers are a type of stereoisomer that are mirror-images and cannot be superimposed. *Id.*  It can be helpful to think of enantiomers as right-hand and left-

---

[1] https://chem.libretexts.org/Bookshelves/Organic_Chemistry/Supplemental_Modules_(Organic_Chemistry)/Chirality/Chirality_and_Stereoisomers.

1    hand versions of the same molecular formula. D-Malic Acid and L-Malic Acid are
2    enantiomers.

3
4        12.    The following are skeletal formulas of the enantiomers D-Malic Acid
5    and L-Malic Acid:



13    Taste is the combination of sensations arising from specialized
14        13.
15    receptor cells located in the mouth. Gary Reineccius, *Flavor Chemistry and*
16    *Technology* § 1.2 (2d ed. 2005). Taste can be defined as sensations of sweet, sour,
17    salty, bitter, and umami. However, limiting taste to five categories suggests that
18    taste is simple, which is not true. *Id.* For example, the taste of sour includes the
19    sourness of vinegar (Acetic Acid), sour milk (Lactic Acid), lemons (Citric Acid),
20    apples (Malic Acid), and wines (Tartaric Acid). *Id.* Each of those acids is
21    responsible for unique sensory characteristics of sourness. *Id.*

22        14.    Sweetness and tartness are important contributors to the states and
23
24    flavor perception of fruit juices. Y.H. Hui, *et al.*, *Handbook of Fruit and Vegetable*
25

26    _____
     [2] The only structural difference between D-Malic Acid and L-Malic Acid is that one
27    Hydroxide ($OH^-$) is attached to each different enantiomer at a different angle. The solid cone
     and the dashed-line cone represent the stereochemical differences. Straight lines represent bonds
28    on the same plane as the paper, solid cones represent bonds pointed towards the observer, and
     dashed-line cones represent bonds pointed away from the observer.

*Flavors*, p. 693 (2010). Organic acids such as Malic Acid in apples and pears, and Tartaric and Malic Acid in grapes, contribute to the tartness of the fruits' juices. *Id.* Malic Acid is a key organic acid in the sourt taste and flavor of many fruits, as evidenced by its high concentration in those fruits. *Id.*

15.    Defendant labels the flavor of its Products as "Sour", as shown in the example below:



16.    As stated above, Malic acid is the sour component of many fruits, the flavor of the Products is sour, and the Products' malic acid ingredients are synthetic malic acid.

CLASS ACTION COMPLAINT

17.     On August 5, 2024, Plaintiff purchased one of the Products from Amazon.com.

18.     Despite being labeled as free from artificial flavors, Plaintiff's sour gummy vitamins contained synthetic malic acid.

19.     When purchasing the Product Plaintiff made her purchasing decision because of the labeling on the Product that read "free of artificial flavors".

20.     Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims.

21.     Plaintiff is interested in purchasing the Products again in the future, and as a result he will be harmed if Defendant is not forced to correct the fraudulent labeling or remove the synthetic malic acid.

22.     Plaintiff has been deprived of her legally-protected interest to obtain true and accurate information about the consumer products he buys as required by California Law.

23.     As a result, Plaintiff and the class members have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products were free of artificial flavors.

24.     Plaintiff did not understand that the Products contained artificial flavors and could not have known without an advanced understanding of chemistry.

25.     Furthermore, due to Defendant's intentional, deceitful practice of labeling the Products as free of artificial flavors Plaintiff could not have known that the Products contained artificial flavors.

26.     By making false and misleading claims about the qualities of the Products, Defendant impaired Plaintiff's ability to choose the type and quality of the Products she chose to buy.

27.     Worse than the lost money, Plaintiff and the class members have been deprived of their protected interest to choose the type and quality of the products they ingest.

CLASS ACTION COMPLAINT

28.    Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that the Products included synthetic ingredients, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products contained synthetic ingredients unless Defendant expressly told them, as required by law.

29.    As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a.    Lost money;

    b.    Wasting Plaintiff's time; and

    c.    Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

30.    Plaintiff brings this action on behalf of themselves and all others similarly situated, as members of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within four years prior to the filing of the Complaint through to the date of class certification.

31.    Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed California sub-class (the "Sub-Class"), defined as follows:

> All persons within California who purchased the Products within four years prior to the filing of the Complaint through to the date of class certification.

32.    Defendant, their employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believe the members number in the thousands, if not more. Thus, this

matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

33.    The Class and Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and Sub-Class include thousands, if not millions of members. Plaintiff alleges that the class members may be ascertained by the records maintained by Defendant.

34.    This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class and Sub-Class are so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

35.    There are questions of law and fact common to the Class and Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class and Sub-Class predominate over questions which may affect individual class members and include, but are not necessarily limited to, the following:

    a.    Whether the Defendant intentionally, negligently, or recklessly disseminated false and misleading information by labeling the Products as free of artificial flavors when the Products contain synthetic malic acid;

    b.    Whether the Class and Sub-Class members were informed that the Products contained artificial flavors;

    c.    Whether the Products contained artificial flavors;

    d.    Whether Defendant's conduct was unfair and deceptive;

    e.    Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

f.  Whether the inclusion of synthetic malic acid in the Products is a material fact;

g.  Whether there should be a tolling of the statute of limitations; and

h.  Whether the Class and Sub-Class are entitled to restitution, actual damages, punitive damages, and attorney fees and costs.

36.  As a resident of the United States and the State of California who purchased the Products, Plaintiff is asserting claims that are typical of the Class and Sub-Class.

37.  Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and Sub-Class.

38.  Plaintiff will fairly and adequately protect the interests of the members of the Class and Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

39.  A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

CLASS ACTION COMPLAINT

40.    The prosecution of separate actions by individual members of the Class and Sub-Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

41.    Defendants have acted or refused to act in respect generally applicable to the Class and Sub-Class thereby making appropriate final and injunctive relief with regard to the members of the Class and Sub-Class as a whole.

42.    The size and definition of the Class and Sub-Class can be identified through records held by retailers carrying and reselling the Products, and by Defendant's own records.

## COUNT I
## VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING ACT
### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)
### On behalf of the Class and the Sub-Class

43.    Plaintiff incorporates by reference each allegation set forth above in paragraphs 1 through 42.

44.    Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

45.    California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

46.    Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold the Products with labeling claiming the Products were free of artificial flavors, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

47.    Specifically, Defendant claimed the Products were free of artificial flavors when the Products contained synthetic malic acid.

48.    Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class and Sub-Class Members.

49.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property.  Plaintiff reasonably relied upon Defendant's fraudulent statements regarding the Products, namely that they did not know the Products contained synthetic ingredients.  In reasonable reliance on Defendant's omissions of material fact and false advertisements, Plaintiff and other Class and Sub-Class Members purchased the Products.  In turn Plaintiff and other Class Members ended up with products that turned out to actually be different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

50.    Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

51.    Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would be free of artificial flavors.

52.    Defendant knew that the Class Products did in fact contain synthetic malic acid.

53.    Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members that contained artificial flavor.

54.    The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class and Sub-Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## COUNT II
### VIOLATIONS OF UNFAIR BUSINESS PRACTICES ACT
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)
### On behalf of the Class and Sub-Class

55.    Plaintiff incorporates by reference each allegation set forth above in paragraphs 1 through 42.

56.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory

definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

57.    California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."    Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

58.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

59.    Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them fraudulently labeled products (Class Products). Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class and Sub-Class.

60.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products were free of artificial flavors, in order to induce them to spend money on said Class Products.  In fact, knowing that Class Products, by their

objective terms contained synthetic malic acid, unfairly profited from their sale, in that Defendant knew that the expected benefit that Plaintiff would receive from this feature is nonexistent, when this is typically never the case in situations involving consumer products.   Thus, the injury suffered by Plaintiff and the members of the Class and Sub-Class is not outweighed by any countervailing benefits to consumers.

61.    Finally, the injury suffered by Plaintiff and members of the Class and California Sub-Class is not an injury that these consumers could reasonably have avoided.   After Defendant, fraudulently labeled the Class Products as free of artificial flavors, the Plaintiff, Class members, and Sub-Class Members suffered injury in fact due to Defendant's sale of Class Products to them.   Defendant failed to take reasonable steps to inform Plaintiff and Class and Sub-Class members that the Class Products contained synthetic malic acid and are not free of artificial flavors as a result.   As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase the products. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

62.    Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

63.    California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."   In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

64.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.   Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

65.    Here, not only were Plaintiff and the Class and Sub-Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products at a price premium even though the Products contained synthetic malic acid.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

66.    As explained above, Defendant deceived Plaintiff and other Class Members by labeling the Products as free of artificial flavors, when in fact the Products contain synthetic malic acid.

67.    Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

68.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

69.    As explained above, Defendant deceived Plaintiff and other Class Members by labeling the Products as free of artificial flavors, when in fact the Products contain synthetic malic acid.

70.    Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class and Sub-Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.

71.    Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members. These representations by Defendant are

CLASS ACTION COMPLAINT

therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

72.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class and Sub-Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class and Sub-Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

101.   Plaintiff and Classes Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

102.   Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

103.   Plaintiff, on behalf of himself and the Class and Sub-Class, requests the following relief:

(a)     An order certifying the Class and Sub-Class and appointing Plaintiff as Representative of the Class and Sub-Class;

(a)     An order certifying the undersigned counsel as Class and Sub-Class Counsel;

(b)     An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

(c)     Actual damages suffered by Plaintiff and Class and Sub-Class Members as applicable or full restitution of all funds acquired

1        from Plaintiff and Class and Sub-Class Members from the sale

2        of misbranded Class Products during the relevant class period;

3    (d)    Punitive damages, as allowable, in an amount determined by

4        the Court or jury;

5    (e)    Any and all statutory enhanced damages;

6    (f)    All reasonable and necessary attorneys' fees and costs provided

7        by statute, common law or the Court's inherent power;

8    (g)    Pre- and post-judgment interest; and

9    (h)    All other relief, general or special, legal and equitable, to which

10        Plaintiff and Class and Sub-Class Members may be justly

11        entitled as deemed by the Court.

12

13  Dated:  October 23, 2024      Respectfully submitted,

14        LAW OFFICES OF TODD M. FRIEDMAN, PC

15

16

17        By: _____

18        TODD M. FRIEDMAN, ESQ.

19        Attorney for Plaintiff Michael Dotson

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/23/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Vega _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV27825 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | David S. Cunningham III | 11 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  10/24/2024
(Date)

David W. Slayton, Executive Officer / Clerk of Court

By  C. Vega                                              , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BAYER HEALTHCARE LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANGELA MADATOVIAN, individually, and on behalf of others
similarly situated

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/28/2024 10:20 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es:)*  Los Angeles County Superior Court | *(Número del Caso):* |
| | 24STCV27825 |

Spring Street Courthouse, 312 N. Spring Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd M. Friedman, Adrian R Bacon 21031 Ventura Blvd., Ste. 340 Woodland Hills, CA 91364, 323-306-4234

David W. Slayton, Executive Officer/Clerk of Court

| DATE: | Clerk, by | , Deputy |
| --- | --- | --- |
| *(Fecha)* 10/28/2024 | *(Secretario)*  C. Vega | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, SBN 216752<br>21031 Ventura Blvd., Suite 340, Woodland Hills, CA 91364<br><br>TELEPHONE NO.: 323-306-4234    FAX NO.: 866-633-0228<br>EMAIL ADDRESS: tfriedman@toddflaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Angela Madatovian | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/28/2024 10:20 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By C. Vega, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 312 N. Spring St.
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Angela Madatovian v. Bayer Healthcare LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 24STCV27825 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)    [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [x] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 2
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 28, 2024

Todd M. Friedman, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Angela Madatovian, et al v. Bayer Healthcare LLC | 24STCV27825 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Angela Madatovian, et al v. Bayer Healthcare LLC | 24STCV27825 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Angela Madatovian, et al v. Bayer Healthcare LLC | 24STCV27825 |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Angela Madatovian, et al v. Bayer Healthcare LLC | 24STCV27825 |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Angela Madatovian, et al v. Bayer Healthcare LLC | 24STCV27825 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | 2230 Chevy Oaks Circle |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Glendale | CA | 91206 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Northeast Judicial___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _10/28/2024_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**FILED**
Superior Court of California
County of Los Angeles

**OCT 3 1 2024**

David W. Slayton, Executive Officer/Clerk of Court

By: T. Lewis, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| Angela Madatovian<br><br>                           Plaintiff,<br><br>        v.<br><br>Bayer Healthcare, LLC<br><br>                           Defendant | Case No. 24STCV27825<br>INITIAL STATUS CONFERENCE ORDER<br>(COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All Purposes to<br>Judge David S. Cunningham III<br><br>Department: SS11<br>Date:  December 31, 2024<br>Time: 10:00 a.m. |

This case has been assigned for all purposes to Judge David S. Cunningham III in the Complex Litigation Program. An Initial Status Conference is set for December 31, 2024 at 10:00 a.m. in Department SS11 located in the Spring Street Superior Courthouse at 312 N. Spring Street, Los Angeles, California 90012.  Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each

1

of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

7. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**8. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**9. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**10. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**11. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan,  summarize each side's views on discovery.  The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the

merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,

- A schedule for alternative dispute resolution, if it is relevant,

- A filing deadline for the motion for class certification, and

- Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service. Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires

---

[1] See California Rule of Court, Rule 3.768.

court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, *these proceedings are stayed in their entirety*. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however it stays all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along with a

---

[2] California Rule of Court, Rule 3.770(a)

copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

If all parties have been served, have conducted the required meet and confer, and are ready to fully participate in the status conference prior to the assigned date, counsel may contact the clerk of Department SS11 and request an earlier date for the Initial Status Conference.

Dated:    OCT 3 1 2024

David S. Cunningham

DAVID S. CUNNINGHAM III
Judge of the Los Angeles Superior Court

6

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/31/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ T. Lewis _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Angela Madatovian | |
| DEFENDANT/RESPONDENT:<br>Bayer Healthcare LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV27825 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Newly Filed Case) of 10/31/2024, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Adrian R. Bacon
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd.
Suite 340
Woodland Hills, CA 91364

David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>10/31/2024</u>        By: <u>T. Lewis</u>
                                                     Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 11

**24STCV27825**                                                          October 31, 2024
**ANGELA MADATOVIAN vs BAYER HEALTHCARE LLC**                            12:09 PM

Judge: Honorable David S. Cunningham III        CSR: None
Judicial Assistant: T. Lewis                    ERM: None
Courtroom Assistant: A. Soni                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Newly Filed Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
12/31/24 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 11

**24STCV27825**                                      October 31, 2024
**ANGELA MADATOVIAN vs BAYER HEALTHCARE LLC**                12:09 PM

Judge: Honorable David S. Cunningham III      CSR: None
Judicial Assistant: T. Lewis                  ERM: None
Courtroom Assistant: A. Soni                  Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 11

**24STCV27825**                                                    October 31, 2024
**ANGELA MADATOVIAN vs BAYER HEALTHCARE LLC**                      12:09 PM

Judge: Honorable David S. Cunningham III          CSR: None
Judicial Assistant: T. Lewis                      ERM: None
Courtroom Assistant: A. Soni                      Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/21/2024 6:55 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES
## CENTRAL DISTRICT

| | |
|---|---|
| ANGELA MADATOVIAN, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>        vs.<br><br>BAYER HEALTHCARE, LLC.; and DOES 1 to 50, inclusive,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 24STCV27825<br><br>PROOF OF SERVICE |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause.

On November 21, 2024, I served a true copy of the **INITIAL STATUS CONFERENCE ORDER AND ORDER REGARDING NEWLY FILED CASE** attached herewith as "Exhibit A" by depositing them in the United States Mail in a sealed envelope with the postage thereon fully prepaid, to the following:

Bayer Healthcare LLC
c/o Maddie Bright, Agent for service
2710 Gateway Oaks Drive
Sacramento, CA 95833

I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Sylmar, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or

1    postage meter date is more than one day after date of deposit for mailing in affidavit.

2         I declare under penalty of perjury under the laws of the State of California that the above is

3    true and correct.

4         Executed on November 21, 2024, at Sylmar, California.

5

6                                    By: _Karla Uribe_____

7                                         Karla Uribe

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 31 2024

David W. Slayton, Executive Officer/Clerk of Court

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Angela Madatovian<br><br>                  Plaintiff,<br><br>   v.<br><br>Bayer Healthcare, LLC<br><br>               Defendant | Case No. 24STCV27825<br>INITIAL STATUS CONFERENCE ORDER<br>(COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All Purposes to<br>Judge David S. Cunningham III<br><br>Department: SS11<br>Date:  December 31, 2024<br>Time: 10:00 a.m. |

This case has been assigned for all purposes to Judge David S. Cunningham III in the Complex

Litigation Program.  An Initial Status Conference is set for December 31, 2024 at 10:00 a.m. in

Department SS11 located in the Spring Street Superior Courthouse at 312 N. Spring Street, Los Angeles,

California 90012.  Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and

discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate

contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much

as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference

Class Action Response Statement five court days before the Initial Status Conference.  The Joint

Response Statement must be filed on line-numbered pleading paper and must specifically answer each

of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

7. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

2

8. **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. **POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- ■ Motion to Compel Arbitration,
- ■ Early motions in limine,
- ■ Early motions about particular jury instructions and verdict forms,
- ■ Demurrers,
- ■ Motions to strike,
- ■ Motions for judgment on the pleadings, and
- ■ Motions for summary judgment and summary adjudication.

10. **CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

11. **PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

12. **DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the

3

merits. The court generally does not permit extensive or expensive discovery relevant only to the

merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing

establishes early need. If any party seeks discovery from absent class members, please estimate how

many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement,

and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position

about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a

successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,

- A schedule for alternative dispute resolution, if it is relevant,

- A filing deadline for the motion for class certification, and

- Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties

in every new case to use a third-party cloud service. Please agree on one and submit the parties'

choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is

agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the

Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional

methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires

---

[1] See California Rule of Court, Rule 3.768.

court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however it stays all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along with a

---

[2] California Rule of Court, Rule 3.770(a)

copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class Settlement on

counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service

of this order. If any defendant has not been served in this action, service is to be completed within

twenty (20) days of the date of this order.

   If all parties have been served, have conducted the required meet and confer, and are ready to

fully participate in the status conference prior to the assigned date, counsel may contact the clerk of

Department SS11 and request an earlier date for the Initial Status Conference.

Dated:      OCT 3 1 2024

DAVID S. CUNNINGHAM III
Judge of the Los Angeles Superior Court

6

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/31/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By _____ T. Lewis _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Angela Madatovian | |
| DEFENDANT/RESPONDENT:<br>Bayer Healthcare LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV27825 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Newly Filed Case) of 10/31/2024, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Adrian R. Bacon
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd.
Suite 340
Woodland Hills, CA 91364

David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>10/31/2024</u>          By: <u>T. Lewis</u>
                                      Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 11

**24STCV27825**                                                          October 31, 2024
**ANGELA MADATOVIAN vs BAYER HEALTHCARE LLC**                             12:09 PM

Judge: Honorable David S. Cunningham III        CSR: None
Judicial Assistant: T. Lewis                    ERM: None
Courtroom Assistant: A. Soni                    Deputy Sheriff: None

**APPEARANCES:**

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Newly Filed Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 12/31/24 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 11

**24STCV27825**                                                    October 31, 2024
**ANGELA MADATOVIAN vs BAYER HEALTHCARE LLC**                        12:09 PM

Judge: Honorable David S. Cunningham III       CSR: None
Judicial Assistant: T. Lewis                   ERM: None
Courtroom Assistant: A. Soni                   Deputy Sheriff: None

---

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

---

Minute Order                                              Page 2 of 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 11

**24STCV27825**                                                    October 31, 2024
**ANGELA MADATOVIAN vs BAYER HEALTHCARE LLC**                        12:09 PM

Judge: Honorable David S. Cunningham III          CSR: None
Judicial Assistant: T. Lewis                      ERM: None
Courtroom Assistant: A. Soni                      Deputy Sheriff: None

---

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

**Main Types of ADR**
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.**  They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm