UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA MADATOVIAN,<br><br>             Plaintiff,<br><br>    v.<br><br>BAYER HEALTHCARE LLC,<br><br>             Defendant. | Case No. 2:24-cv-10232-FLA (MAAx)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF EQUITABLE JURISDICTION** |

**ORDER**

"In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) (citations omitted); *see also Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 105 (1945) (equitable relief in federal courts is "subject to restrictions: the suit must be within the traditional scope of equity as historically evolved in the English Court of Chancery[;] a plain, adequate and complete remedy at law must be wanting[;] explicit Congressional curtailment of equity powers must be respected[; and] the constitutional right to trial by jury cannot be evaded[.]") (citations omitted). "Even when a court has subject matter jurisdiction, there remains the question of equitable jurisdiction before the district court properly can reach the merits." *Guzman*, 49 F.4th at 1314 (capitalization modified) (internal quotation marks omitted) (citing *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975)). "That a State may authorize its courts to give equitable relief unhampered by the restriction that an adequate remedy at law be unavailable cannot remove that fetter from the federal courts." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839–44 (9th Cir. 2020) (cleaned up).

The court has reviewed the Complaint and is presently unable to conclude it has equitable jurisdiction. Dkt. 1, Ex. 1 ("Compl."). The only claims asserted are brought under the California Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, and remedies available under the UCL are equitable in nature, *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999); *Hodge v. Superior Ct.*, 145 Cal. App. 4th 278, 284 (2006) (the UCL "provides only for equitable remedies"). A remedy at law, however, appears adequate to address the alleged harm. *See* Compl. ¶¶ 1, 8–9 (defendant allegedly advertised falsely its vitamins were free of artificial flavors).

Accordingly, the parties are ORDERED to show cause, in writing within fourteen (14) days from the date of this Order, why this action should not be remanded

for lack of equitable jurisdiction because an adequate remedy at law exists. *See Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 871–80 (N.D. Cal. 2021) (remanding action for lack of equitable jurisdiction where plaintiff sought only restitution under the UCL). Responses shall be limited to 4,200 words. Failure to respond timely to this Order may result in remand of the action without further notice.

IT IS SO ORDERED.

Dated: March 11, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge