UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANGELA MADATOVIAN,

                    Plaintiff,

         v.

BAYER HEALTHCARE LLC,

                    Defendant.

Case No. 2:24-cv-10232-FLA (MAAx)

**ORDER:**

**(1) DISCHARGING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF EQUITABLE JURISDICTION;**

**(2) APPROVING STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT;**

**(3) DENYING STIPULATION TO STAY ACTION; AND**

**(4) TO SHOW CAUSE WHY UCL CLAIMS SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR LACK OF EQUITABLE JURISDICTION**

**[DKTS. 24, 26, 27]**

## RULING

Before the court are: (1) Plaintiff Angela Madatovian ("Plaintiff") and Defendant Bayer Healthcare, LLC's ("Defendant") stipulation for leave for Plaintiff to file a first amended complaint ("Stipulation for Leave to Amend Complaint"), Dkt. 26; (2) Plaintiff and Defendant's stipulation to stay the action ("Stipulation to Stay"), Dkt. 27; and (3) Defendant's response to the court's order to show cause why the action should not be remanded for lack of equitable jurisdiction, Dkt. 28.

For the reasons set forth below, the court: APPROVES the Stipulation for Leave to Amend Complaint, Dkt. 26; DENIES the Stipulation to Stay, Dkt. 27; DISCHARGES its order to show cause, Dkt. 24; and ORDERS Plaintiff to show cause why her claims brought under the California Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, should not be dismissed without prejudice for lack of equitable jurisdiction.

## BACKGROUND

On October 23, 2024, Plaintiff filed this putative class action in the Los Angeles County Superior Court, alleging two causes of action for violations of the UCL. Dkt. 1, Ex. 1. On November 26, 2024, Defendant removed the action to this court. On March 11, 2025, the court ordered the parties to show cause why the action should not be remanded for lack of equitable jurisdiction ("OSC"). Dkt. 24. On March 25, 2025, Defendant filed a response to the OSC. Dkt. 28.

On March 19, 2025, the parties filed the Stipulation for Leave to Amend Complaint. Dkt. 26. In Plaintiff's proposed first amended complaint ("FAC"), she adds a claim for violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.* Dkt. 26-2.

On March 24, 2025, the parties filed the Stipulation to Stay. Dkt. 27. The parties seek to stay the action pending resolution of an appeal of a remand order in *Ruiz v. Bradford Exchange, Ltd.*, Case No. 3:23-cv-01800-WQH (KSCx) (S.D. Cal. Aug. 28, 2023) ("*Ruiz*"). *Id.*

## DISCUSSION

### I.    Leave to Amend Complaint

Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading … with the opposing party's written consent or the court's leave."  The court "should freely grant leave when justice so requires."  *Id.*

Finding good cause therefor, the court APPROVES the Stipulation for Leave to Amend Complaint.  Plaintiff shall FILE the proposed FAC within seven (7) days of this Order.  Dkt. 26-2.

### II.    Order to Show Cause Why Action Should Not Be Remanded for Lack of Equitable Jurisdiction

"In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy."  *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) (citations omitted).  The only claims asserted in the Complaint were brought under the UCL, and remedies available under the UCL are equitable in nature. *Hodge v. Superior Ct.*, 145 Cal. App. 4th 278, 284 (2006) (the UCL "provides only for equitable remedies").  The court set the OSC because it appeared a remedy at law would adequately address Plaintiff's alleged harm resulting from Defendant's false advertising that its vitamins were free of artificial flavors.  Dkt. 24.

The proposed FAC, however, asserts a new claim for violation of the CLRA which provides for recovery of monetary damages.  *Benson v. S. California Auto Sales, Inc.*, 239 Cal. App. 4th 1198, 1211 (2015) ("Damages under the CLRA are a legal remedy, intended to compensate those who suffer actual damage.") (citation omitted).  The court, thus, does not need equitable jurisdiction over this claim and has subject-matter jurisdiction over it pursuant to the Class Action Fairness Act.  Because the court has jurisdiction over the CLRA claim, remand is inappropriate.  *See Kim v. Walmart, Inc.*, Case No. 2:22-cv-08380-SB (PVCx), 2023 WL 196919, at *3 (C.D. Cal. Jan. 13, 2023) ("Lack of equitable jurisdiction over some claims cannot serve as a

basis for remanding a case in its entirety.  Otherwise, federal courts would be required to remand every case that includes a UCL claim when a plaintiff has an adequate legal remedy, which is clearly not the law.") (citing, *inter alia*, *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001) (noting Supreme Court precedent "makes clear that a district court may not under [28 U.S.C.] § 1447(c) remand a case in its entirety where there is subject matter jurisdiction over some portion of it")).

The court, thus, DISCHARGES the OSC.  Dkt. 24.

## III.    Stipulation to Stay Pending Resolution of Appeal in *Ruiz*

The parties seek a stay pending resolution of an appeal of a remand order for lack of equitable jurisdiction in *Ruiz* because that appeal is "highly relevant" to the OSC.  Dkt. 27 at 4.  Because the court has discharged the OSC and is not remanding the action, the court DENIES the Stipulation to Stay as moot.

## IV.    Order to Show Cause Why UCL Claims Should Not Be Dismissed for Lack of Equitable Jurisdiction

By alleging a cause of action and seeking monetary damages pursuant to the CLRA based on the same underlying factual allegations as the UCL claims, Plaintiff appears to acknowledge monetary damages will adequately address the alleged harm she suffered.  *See* Dkt. 26-2.  The court, thus, appears to not have equitable jurisdiction over the UCL claims.  *See* Dkt. 24; *Travonne Hooks v. Dignity Health*, Case No. 22-cv-07699-DSF, 2022 WL 17968833, at *2–3 (C.D. Cal. Dec. 27, 2022) (dismissing UCL claim for lack of equitable jurisdiction, but denying remand and retaining jurisdiction over the case).

Accordingly, the parties are ORDERED to show cause in writing within fourteen (14) days of this Order why Plaintiff's UCL claims should not be dismissed without prejudice for lack of equitable jurisdiction in light of the CLRA claim in the proposed FAC.  Responses shall be limited to 4,200 words.  Plaintiff's failure to respond may result in dismissal of the UCL claims without further notice.

/ / /

**CONCLUSION**

For the foregoing reasons, the court ORDERS as follows:

1. The Stipulation for Leave to Amend is APPROVED. Dkt. 26. Plaintiff shall FILE the proposed FAC within seven (7) days of this Order.

2. The Stipulation to Stay is DENIED. Dkt. 27.

3. The OSC is DISCHARGED. Dkt. 24.

4. The parties are ORDERED to show cause in writing within fourteen (14) days of this Order why Plaintiff's UCL claims should not be dismissed for lack of equitable jurisdiction. Plaintiff's response shall be limited to 4,200 words.

IT IS SO ORDERED.

Dated: March 28, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge